IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

GUY C. MANNINO                                                      PETITIONER
Reg. # 21960-075

v.                              Case No. 2:26-cv-00003-BSM-BBM

J. HUMPHREYS, Warden,
FCI Forrest City Low                                              RESPONDENT

## ORDER

On January 7, 2026, Petitioner Guy C. Mannino, a federal prisoner incarcerated in the Federal Correctional Institution in Forrest City, Arkansas, filed, *pro se*, a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). But to date, he has neither paid the $5 filing fee required by 28 U.S.C. § 1914(a), nor requested to proceed *in forma pauperis* ("IFP"). Given the applicable rules discussed below—including the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules")—Mannino must do one of those things before this case can proceed.

The § 2254 Rules apply when "a person in custody under a state-court judgment" files a habeas petition under 28 U.S.C. § 2254. *Id.*, RULE 1(a)(1). But in their discretion, courts also "may apply" those rules to other kinds of habeas petitions, *id.*, RULE 1(b), including a § 2241 petition filed by a person in federal custody. *See, e.g.*, *Rivas-Lopez v. Rivera*, 107 F. Supp. 3d 977, 978 (E.D. Ark. 2015) (applying Rules 2 and 4 to § 2241 petition "through Rule 1(b)"); *McCoy v. Sanders*, No. 2:06-cv-00041-JMM, 2006 WL 1028939, *1 (E.D. Ark. Apr. 13, 2006) (dismissing § 2241 petition under Rules 1(b) and

3(a) because petitioner "failed to submit the required filing fee or an application to proceed [IFP] as ordered").

A § 2254 petition "must be accompanied by" either "the applicable filing fee" or "a motion for leave to proceed [IFP], the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." § 2254 RULE 3(a)(1)-(2). Applying Rule 1(b), this Court requires the same before Mannino's case may proceed.

IT IS THEREFORE ORDERED THAT:

1.    The Clerk of Court is directed to update Respondent's name to C. Humphrey, Warden, FCI Forrest City Low.

2.    The Clerk of Court is directed to send Mannino by mail a copy of Form AO 240, Application to Proceed in District Court Without Prepaying Fees or Costs.

3.    If Mannino wishes to continue with this action, he must, on or before **February 9, 2026**, either: (1) file the completed Form AO 240, including the Certificate of Prisoner Accounts (which must be signed by an authorized officer at the incarcerating facility); or (2) pay the $5 filing fee in full. Any such payment must indicate clearly that it is for payment of the filing fee in this action: *Mannino v. Humphrey*, Case No. 2:26-cv-00003-BSM-BBM.

4.    The Court advises Mannino that, if he fails to timely and properly comply with this order, this action may be dismissed without prejudice under Local Rule 5.5(c)(2). That rule says, among other things, that a *pro se* party like Mannino must "monitor the

progress of the case" and "prosecute or defend the action diligently" and that, "[i]f any communication from the Court to a *pro se* plaintiff is not responded to within . . . 30 . . . days, the case may be dismissed without prejudice." RULE 5.5(c)(2), LOCAL RULES FOR THE EASTERN AND WESTERN DISTRICTS OF ARKANSAS. Moreover, a *pro se* party is "expected to be familiar with and follow the Federal Rules of Civil Procedure," *id*., one of which permits a defendant to seek dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order," FED. R. CIV. P. 41(b). The Federal Rules of Civil Procedure "may be applied" in habeas cases "to the extent that they are not inconsistent with any statutory provisions" or the § 2254 Rules. § 2254 RULE 12.

SO ORDERED this 8th day of January, 2026.

_____
UNITED STATES MAGISTRATE JUDGE