IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

GUY C. MANNINO PETITIONER
REG #21960-075

V. Case No. 2:26-CV-00003-BSM-BBM

C. HUMPHREY, Warden RESPONDENT
FCI-Forrest City Low

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within 14 days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I. INTRODUCTION

On January 7, 2026, Guy C. Mannino ("Mannino"), a prisoner then incarcerated at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-Forrest City Low"), filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In his Petition, Mannino argued that he is entitled to immediate pre-release placement in a residential re-entry center. *Id.* at 3–4. Mannino requests that this Court "declare that the Bureau of Prisons violated the Second Chance Act, order the Bureau of Prisons to immediately effectuate Petitioner's full 365 days of earned prerelease custody, [and]

compel placement in any form of prerelease custody per the law . . . ." *Id.* at 4. Mannino also included with his Petition a "motion for temporary restraining order and preliminary injunction." *Id*. at 6–8. Respondent C. Humphrey filed a Response to Mannino's Petition, requesting that the Petition be dismissed because the Court lacks jurisdiction to grant the requested relief. (Doc. 6). Respondent also asserts that, because the Court lacks jurisdiction over the claims in the Petition, an injunction would be improper. *Id*. at 4–6.

On March 16, 2026, Mannino's mail was returned to the Court as undeliverable, with the notation: "inmate not at this institution." (Doc. 9). The next day, on March 17, 2026, the Court entered an Order directing Mannino to update his current mailing address in accordance with Local Rule 5.5(c). (Doc. 10). The Court mailed a copy of the March 17 Order to Mannino at his address of record at FCI Forrest City-Low and to the residential re-entry center in Seattle, Washington, where it appeared Mannino had been released. *Id*.

Mannino filed, on March 23, 2026, a Notice of Change of Address, stating that, effective February 26, 2026, he was transferred to prerelease custody in Anchorage, Alaska. (Doc. 12). Respondent confirmed that Mannino had been transferred to a residential re-entry center, as indicated in Mannino's Notice, (Doc. 12). (Doc. 16). Respondent further argued that, "[b]ecause the relief sought in his petition pertained to a transfer to prerelease custody, the claims raised in the petition are now moot," and none of the exceptions to the mootness doctrine apply in this case. *Id*. at 2–3. Mannino was offered an opportunity to respond to Respondent's Notice regarding Petitioner's custodial status, (Doc. 15), but he failed to do so, and the time to do so has passed.

For the reasons set forth below, this Court recommends that Mannino's Petition be dismissed without prejudice as moot.

## II. DISCUSSION

### A. Legal Standard – Mootness

"'Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies.'" *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). A case is considered moot "[w]hen, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief." *Id.* (second alteration in original) (cleaned up). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.* ("*In re Search Warrants*"), 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469)). Indeed, "if an issue is moot in the Article III sense, [the court has] no discretion and must dismiss the action for lack of jurisdiction." *Cangemi*, 419 F.3d at 724 (citing *Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969)).

A finding of mootness does not end the Court's analysis, however. A habeas petition should not be dismissed as moot if any of the exceptions to the mootness doctrine apply: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue deemed wrong is capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume at any time; or (4) it is

a properly certified class action suit." *Marin-Angel v. Segal*, No. 23-CV-3209 (JMB/LIB), 2024 WL 2702780, at *3 (D. Minn. Apr. 23, 2024) (citation omitted), *report and recommendation adopted*, 2024 WL 2702180 (D. Minn. May 24, 2024); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (discussing mootness and its exceptions in the habeas context).

**B. Analysis**

Mannino filed this habeas action, asking the Court to order the Bureau of Prisons to place him immediately in prerelease custody. Subsequently, Mannino was transferred to prerelease custody in Anchorage, Alaska, as he requested. (Doc. 12). Therefore, there is no further effective relief for the Court to grant. *See Whiteley v. Humphrey*, No. 26-1214, 2026 WL 2620547, *1 (8th Cir. Sept. 4, 2026) (per curiam) (concluding appeal is moot because petitioner had already been transferred to prerelease custody; "therefore this court cannot grant him any effectual relief.") (citing *Fortner v. Eischen*, 170 F.4th 655, 659 (8th Cir. 2026)). Thus, Mannino's Petition is moot. Additionally, as the Court explains below, none of the exceptions to mootness apply in this instance.

First, Mannino has not identified any collateral consequences from his alleged injury. Second, this issue is not "capable of repetition yet evading review," because Mannino cannot reasonably expect to be incarcerated again for the same conduct. *See In re Search Warrants*, 487 F.3d at 1192–93 (finding that the capable-of-repetition exception applies when there is a "reasonable expectation" that the same party "will be subjected to the same action again"). Third, the BOP is not "free to resume" Mannino's incarceration "at any time." Were Mannino to be incarcerated again for a violation of the conditions of

his prerelease custody, it would be for conduct different than that giving rise to his original conviction. *See Scheper v. Rios*, No. 19-CV-402 (MJD/ECW), 2020 WL 4060729, at *3 (D. Minn. June 5, 2020) (finding that a habeas petitioner's return to prison after release to home confinement would involve a new set of circumstances, thus precluding application of the voluntary-cessation exception), *report and recommendation adopted*, 2020 WL 4059875 (D. Minn. July 20, 2020). Fourth and finally, Mannino's case does not involve a class action. Because none of these exceptions apply, Mannino's Petition is moot.

## III. CONCLUSION

Mannino has been transferred to prerelease custody, rendering his Petition moot. (Doc. 12). None of the exceptions to the mootness doctrine apply.

IT IS THEREFORE RECOMMENDED THAT:

1. Mannino's § 2241 Petition, (Doc. 1), be DISMISSED without prejudice as moot and all other requested relief be DENIED.

2. Judgment be entered accordingly.

DATED this 8th day of September, 2026.

Benecia Moore

UNITED STATES MAGISTRATE JUDGE